**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**MAR 03 2017**

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ALLEN GENTRY and**
**PAMELA GENTRY**                                                **PLAINTIFFS**

v.                              No. 4:17-cv- *122 - BSM*

**JOHN AMMONS;**
**PASCHALL TRUCK LINES, INC.;**
**and JOHN DOE ENTITIES Nos. 1–5**                    **DEFENDANTS**

### NOTICE OF REMOVAL

This case assigned to District Judge *Miller*
and to Magistrate Judge *Deere*

In accordance with 28 U.S.C. §§ 1441 and 1446, defendant Paschall Truck

Lines, Inc., ("Paschall") gives notice of the removal of this action from the Circuit

Court of Lonoke County, Arkansas, to the United States District Court for the

Eastern District of Arkansas, Western Division. The Court has original jurisdiction

over this action based on diversity of citizenship, 28 U.S.C. § 1332, as shown by the

following:

      1.     On February 7, 2017, this plaintiffs filed this case—styled *Allen Gentry*

*and Pamela Gentry v. John Ammons; Paschal[l] Truck[] Lines, Inc.; and John Doe*

*Entities 1–5*—in the Circuit Court of Lonoke County, Arkansas, as case number

43CV-17-92.

      2.     Paschall was served with a copy of the summons and complaint on

February 13, 2017. Removal of this action is timely because it comes within thirty

days of Paschall's receipt of the summons and complaint. 28 U.S.C § 1446(b)(1).

      3.     Attached as Exhibit A to this notice are "all process, pleadings, and

orders served upon" Paschall. 28 U.S.C. § 1446(a).

4.    The Court has original jurisdiction over this action because it is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).

5.    As pleaded in the complaint, the plaintiffs are citizens of Baxter, Putnam County, Tennessee.

6.    Paschall is a citizen of the state of Kentucky.

7.    Plaintiffs allege defendant John Ammons is a citizen of Ayden, Pitt County, North Carolina.

8.    Complete diversity therefore exists between the parties to this lawsuit. 28 U.S.C. § 1332(a)(1).

9.    In the complaint, the plaintiffs' demand damages "for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases[.]" (Compl. ¶ 30.) That demand is "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

10.    Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the action is removable pursuant to 28 U.S.C. § 1441(a).

11.    The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action was pending.

12.    Paschall has served a copy of this notice on counsel for the plaintiffs, at the address provided in the summons; and Paschall will promptly file with the clerk

2

for the Circuit Court of Lonoke County, Arkansas, a copy of this notice. 28 U.S.C. § 1446(d).

13.   Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for any improper purpose.

14.   Paschall expressly reserves any and all defenses that may be available to it in this action.

WHEREFORE, defendant Paschall Truck Lines, Inc., removes this action from the Circuit Court of Lonoke County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: llowther@wlj.com
>
> By _____
>    Jerry J. Sallings (84134)
>    E. Lee Lowther III (2013142)
>    *Attorneys for Paschall Truck Lines, Inc.*

3

## CERTIFICATE OF SERVICE

On March 3, 2017, a copy of the foregoing was served by U.S. mail on the

following:

Geoff Thompson
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222

Lee Lowther

1398092-v1

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Feb-07 15:01:42
43CV-17-92
C23D03 : 5 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### CIVIL DIVISION

**ALLEN GENTRY and**          **PLAINTIFFS**
**PAMELA GENTRY**

**VS.**     **NO. _____**

**JOHN AMMONS,**          **DEFENDANTS**
**PASCHAL TRUCKING**
**LINES, INC. and JOHN**
**DOE ENTITIES Nos. 1-5**

### COMPLAINT

COMES NOW the Plaintiffs, Allen Gentry and Pamela Gentry, by and through their attorneys, RAINWATER, HOLT & SEXTON, P.A., and for their Complaint against the Defendants, state and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Allen Gentry was at all times relevant a citizen and resident of Baxter, Putnam County, Tennessee.

2. Plaintiff Pamela Gentry was at all times relevant a citizen and resident of Baxter, Putnam County, Tennessee.

3. Defendant John W. Ammons was at all times relevant a resident of Ayden, Pitt County, North Carolina.

4. Defendant Paschal Trucking Lines, Inc. is a foreign corporation, registered in Kentucky as a domestic corporation whose registered agent is Randall A. Waller, 3443 Highway 641 South, Murray, Kentucky 42071, with its principal address as P.O. Box 1080, Murray, Kentucky 42071.

5. The residency of John Doe Entities remains unknown.

6. Plaintiffs' Counsel executed a "John Doe Affidavit" in accordance with A.C.A. § 16-56-125, and it is attached hereto as Exhibit 1.

7. The incident giving rise to this cause of action occurred on I-40 East, Lonoke County, Arkansas.

EXHIBIT

**A**

## II. JURISDICTION AND VENUE

8.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

9.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

10.     This is a negligence case which arises from a motor vehicle collision that occurred on March 18, 2014, on Interstate 40 East, Lonoke, Lonoke County, Arkansas.

## IV. FACTS

11.     On or about March 18, 2014, at approximately 4:56 p.m., Plaintiff Allen Gentry was driving eastbound on Interstate 40, in his 2005 Ford F-150 pulling an RV. Plaintiff Pamela Gentry was a passenger in the vehicle.

12.     At the same time, Separate Defendant Ammons was traveling eastbound on Interstate 40, in a 2009 Freight Columbia truck and trailer.

13.     Defendant Ammons was traveling directly behind the Plaintiffs.

14.     As Mr. Gentry was slowing his vehicle due to traffic being stopped ahead of him, Defendant Ammons' truck and trailer struck the rear of the Plaintiffs' RV twice before the vehicles came to a stop.

15.     As a result of the collision, the Plaintiffs sustained personal injuries and damages.

## V. CAUSE OF ACTION - NEGLIGENCE

### Negligence of Defendant John Ammons

16.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17.     Defendant was negligent in the following particulars:

2

(a)  Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)  Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)  Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)  Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)  Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)  Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g)  Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h)  Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i)  Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j)  Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k)  Otherwise failing to exercise ordinary care under the circumstances.

### Negligence and Vicarious Liability of Defendant Paschal Trucking Lines, Inc.

18.  Defendant Paschal Trucking Lines, Inc. is responsible and liable for the negligence of its employee and/or agent, John Ammons, under the legal doctrine of joint enterprise, *respondent superior*, and/or the principles of agency as adopted by the State of Arkansas.

19.  At the time of the collision, John Ammons was acting in the course and scope of his employment or agency with Defendant Paschal Trucking Lines, Inc.

20.  The negligence of Defendant John Ammons is imputed to Defendant Paschal

3

Trucking Lines, Inc.

21.     Defendant Paschal Trucking Lines, Inc.'s negligence includes, but is not limited to, failing to properly train, supervise, monitor, hire, retain Defendant, John Ammons, and otherwise failing to exercising ordinary care under the circumstances.

## VI.  **PROXIMATE CAUSATION**

22.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

23.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by the Plaintiffs.

## VII.  **INJURIES AND COMPENSATORY DAMAGES**

24.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

25.     The Plaintiffs sustained injuries as a result of the collision.

26.     Mr. Gentry is entitled to the following damages:

    (a)     the nature, extent, duration, and permanency of his injuries;

    (b)     the full extent of the injuries he sustained;

    (c)     the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

    (f)     the visible results of his injuries; and,

    (g)     any property damages he sustained.

27.     Mrs. Gentry is entitled to the following damages:

    (a)     the nature, extent, duration, and permanency of her injuries;

    (b)     the full extent of the injuries she sustained;

(c)    the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)    the visible results of her injuries; and,

(g)    any property damages she sustained.

28.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII. DEMAND FOR JURY TRIAL

29.    The Plaintiffs hereby demand a trial by jury.

## IX. DEMAND & PRAYER

30.    The Plaintiffs demand judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

31.    The Plaintiffs demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:

Geoff Thompson (Ark. Bar No. 2002095)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:    (501) 868-2500
Telefax:    (501) 868-2508

5

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Feb-07  15:01:42
43CV-17-92
C23D03 : 1 Page

**IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ALLEN GENTRY and**                                    **PLAINTIFFS**
**PAMELA GENTRY**

**VS.**                        **NO. _____**

**JOHN AMMONS,**                                         **DEFENDANTS**
**PASCHAL TRUCKING LINES, INC. and JOHN DOE**
**ENTITIES Nos. 1-5**

**STATE OF ARKANSAS  )**
                                     )   **ss:**
**COUNTY OF PULASKI  )**

   Comes now Geoff Thompson, and states, upon oath, the following:

   1.  I represent Plaintiffs Allen Gentry and Pamela Gentry in the above matter.

   2.  Plaintiffs Allen Gentry and Pamela Gentry are seeking a judgment against unknown

tortfeasors.

   3.  The names of the unknown tortfeasors in this action will be designated by the pseudo-

names John Doe Entities Nos. 1-5, and will be named as such in the Plaintiffs' Complaint.

   4.  Upon determining the identity of John Doe Entities 1-5, the Complaint will be

amended by substituting the real name for the pseudo-name.

   5.  This affidavit is made pursuant to A.C.A. § 16-56-125.

                 _____
                  Geoff Thompson

                  2/7/17
                  Date

SWORN AND SUBSCRIBED before me on the 7th day of February, 2017.

             _____
             Notary Public

My commission expires:

6/16/22

             **KIMBERLY S TUCKER**
             Arkansas - Pulaski County
             Notary Public - Comm# 12388045
             My Commission Expires Jun 16, 2022

                     **EXHIBIT 1**

## THE CIRCUIT COURT OF LONOKE COUNTY ARKANSAS
## CIVIL DIVISION

**ALLEN GENTRY and**
**PAMELA GENTRY**                                                       **PLAINTIFFS**

v.                                      **No. 43CV-17-92**

**JOHN AMMONS,**
**PASCHAL TRUCKING**
**LINES, INC. And JOHN**
**DOE ENTITIES Nos. 1-5**                                              **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**PASCHAL TRUCKING LINES, INC.**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: RAINWATER, HOLT & SEXTON, P.A., P.O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:
Lonoke County Circuit Clerk
301 N. Center, PO Box 870
Lonoke, AR 72086

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

No. _____   This summons is for *PASCHAL TRUCKING LINES, INC. (name of Defendant)*.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                                        By: _____
                                                        [Signature of server]

                                                        _____
                                                        [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                                        [Signature of server]

                                                        _____
                                                        [Printed name]

Address: _____

                       _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                                         _____
                                                         Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



Arkansas Judiciary

**Case Title:**   ALLEN GENTRY ET AL V JOHN AMMONS ET AL

**Case Number:**   43CV-17-92

**Type:**   SUMMONS - FILER PREPARED

So Ordered

Sarah A Myers

Electronically signed by SAMYERS on 2017-02-08 09:44:35    page 4 of 4

## THE CIRCUIT COURT OF LONOKE COUNTY ARKANSAS
## CIVIL DIVISION

**ALLEN GENTRY and**
**PAMELA GENTRY**                                                    **PLAINTIFFS**

**v.**                                  **No.  43CV-17-92**

**JOHN AMMONS,**
**PASCHAL TRUCKING**
**LINES, INC. And JOHN**
**DOE ENTITIES Nos. 1-5**                                   **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**JOHN AMMONS**

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: RAINWATER, HOLT & SEXTON, P.A., P.O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:
Lonoke County Circuit Clerk
301 N. Center, PO Box 870
Lonoke, AR 72086

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

**No. _____   This summons is for *JOHN AMMONS. (name of Defendant).***

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____ [name], a
person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]


                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____            By: _____
                               [Signature of server]


                               _____
                               [Printed name]

Address: _____


         _____

Phone: _____

Subscribed and sworn to before me this date: _____


                               _____
                               Notary Public


My commission expires: _____


Additional information regarding service or attempted service:

_____

_____



Arkansas Judiciary

**Case Title:**     ALLEN GENTRY ET AL V JOHN AMMONS ET AL

**Case Number:**     43CV-17-92

**Type:**     SUMMONS - FILER PREPARED

So Ordered

*Sarah Myers*

Sarah A Myers

Electronically signed by SAMYERS on 2017-02-08 09:44:55     page 4 of 4

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Mar-03  13:44:05
43CV-17-92
C23D03 : 7 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## CIVIL DIVISION

**ALLEN GENTRY  and
PAMELA GENTRY**                                                     **PLAINTIFFS**

**v.**                                **No. 43CV-17-92**

**JOHN AMMONS;
PASCHALL TRUCK LINES, INC.;
and JOHN DOE ENTITIES Nos. 1–5**                          **DEFENDANTS**

### ANSWER OF DEFENDANT PASCHALL TRUCK LINES, INC.

For its answer to the plaintiffs' complaint, defendant Paschall Truck Lines,

Inc.[1]:

### I.    RESIDENCY AND PARTIES

1.      Is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1 of the complaint and therefore denies those

allegations.

2.      Is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 2 of the complaint and therefore denies those

allegations.

3.      Denies the allegations in paragraph 3 of the complaint.

4.      Admits the allegations in paragraph 4 of the complaint.

---

[1] Plaintiffs incorrectly named Paschall Truck Lines, Inc., as Paschal Truck**ing**
Lines, Inc. This misnomer has been corrected in the case style and throughout this
answer.

1

1398085-v1

5.  Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and therefore denies those allegations.

6.  Admits that plaintiffs' counsel executed a John Doe Affidavit that is attached to the complaint as Exhibit 1, all as alleged in paragraph 6 of the complaint.

7.  Admits the allegation in paragraph 7 of the complaint.

## II.    JURISDICTION AND VENUE

8.  Admits that jurisdiction in this Court is proper as alleged in paragraph 8 of the complaint.

9.  Denies that plaintiffs accurately paraphrased the contents of Ark. Code Ann. § 16-60-101, but otherwise admits that venue is proper in this Court, as alleged in paragraph 9 of the complaint.

## III.    BASIC PREMISE

10.  Admits that plaintiffs have pleaded claims for negligence occurring from a vehicle collision that happened on or about March 18, 2014, as alleged in paragraph 10 of the complaint; but denies any allegation that it was negligent.

## IV.    FACTS

11.  Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint and therefore denies those allegations.

1398085-v1

12.     Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint and therefore denies those allegations.

13.     Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint and therefore denies those allegations.

14.     Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint and therefore denies those allegations.

15.     Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint and therefore denies those allegations.

## V.     CAUSE OF ACTION – NEGLIGENCE

### Negligence of Defendant John Ammons

16.     Incorporates its answers to paragraphs 1–15 of the complaint as pleaded above in response to paragraph 16 of the complaint.

17.     Denies the allegations in paragraph 17, including subparagraphs (a)–(k), of the complaint.

### Negligence and Vicarious Liability of Defendant Paschal Truck Lines, Inc.

18.     Denies the allegations in paragraph 18 of the complaint.

19.     Denies the allegations in paragraph 19 of the complaint.

20.     Denies any negligent act of John Ammons was a proximate cause of any of plaintiffs' alleged damages, as alleged in paragraph 20 of the complaint.

21.     Denies the allegations in paragraph 21 of the complaint.

## VI.     PROXIMATE CAUSATION

22.     Incorporates its answers to paragraphs 1–21 as pleaded above in response to paragraph 22 of the complaint.

23.     Denies the allegations in paragraph 23 of the complaint.

## VII.     INJURIES AND COMPENSATORY DAMAGES

24.     Incorporates its answers to paragraphs 1–23 as pleaded above in response to paragraph 24 of the complaint.

25.     Denies the allegations in paragraph 25 of the complaint.

26.     Denies the allegations in paragraph 26, including subparagraphs (a)–(g), of the complaint.

27.     Denies the allegations in paragraph 27, including subparagraphs (a)–(g), of the complaint.

28.      Denies the allegations in paragraph 28 of the complaint.

## VIII.  DEMAND FOR JURY TRIAL

29.     Joins plaintiffs' request for a jury trial and specifically requests a jury comprised of twelve persons.

## IX.     DEMAND & PRAYER

30.     Denies plaintiffs are entitled to any damages sought in paragraph 30 of the complaint.

31.   Denies plaintiffs are entitled to any damages sought in paragraph 31 of the complaint.

## X.   AFFIRMATIVE DEFENSES

32.   Pleading affirmatively, states the claims against it for negligent training, supervision, retention, monitoring, and hiring should be dismissed.

33.   Pleading affirmatively, states plaintiffs' own negligent actions were the proximate cause of the damages pleaded in the complaint and their comparative fault bars them from recovering any damages in this action.

34.   Pleading affirmatively, raises the defenses of insufficiency of process and insufficiency of service of process. Ark. R. Civ. P. 12(b)(4)–(5).

35.   Pleading affirmatively, raises the defense of lack of personal jurisdiction. Ark. R. Civ. P. 12(b)(2).

36.   Reserves the right to amend its answer to raise other affirmative defenses that become available as discovery progresses.

WHEREFORE, defendant Paschall Truck Lines, Inc., prays the Court dismiss the complaint, award the plaintiffs no relief, and grant it all other relief to which it is entitled.

1398085-v1

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Tel: (501) 371-0808
Fax: (501) 376-9442
Email: jsallings@wlj.com
       llowther@wlj.com

By:_____
     Jerry J. Sallings (84134)
     E. Lee Lowther III (2013142)

     *Attorneys Paschall Truck Lines, Inc.*

6

**CERTIFICATE OF SERVICE**

On March 3, 2017, I certify that I electronically filed the foregoing with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which shall send notification of filing to the following:

> Geoff Thompson
> Rainwater, Holt & Sexton
> P.O. Box 17250
> Little Rock, AR  72222
> thompson@rainfirm.com

_____
Lee Lowther