ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Feb-07  15:01:42
43CV-17-92
C23D03 : 5 Pages

**IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ALLEN GENTRY and**                                                        **PLAINTIFFS**
**PAMELA GENTRY**

**VS.**                           **NO. _____**

**JOHN AMMONS,**                                                           **DEFENDANTS**
**PASCHAL TRUCKING**
**LINES, INC. and JOHN**
**DOE ENTITIES Nos. 1-5**

## COMPLAINT

COMES NOW the Plaintiffs, Allen Gentry and Pamela Gentry, by and through their

attorneys, RAINWATER, HOLT & SEXTON, P.A., and for their Complaint against the Defendants, state

and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Allen Gentry was at all times relevant a citizen and resident of Baxter,

Putnam County, Tennessee.

2.      Plaintiff Pamela Gentry was at all times relevant a citizen and resident of Baxter,

Putnam County, Tennessee.

3.      Defendant John W. Ammons was at all times relevant a resident of Ayden, Pitt

County, North Carolina.

4.      Defendant Paschal Trucking Lines, Inc. is a foreign corporation, registered in

Kentucky as a domestic corporation whose registered agent is Randall A. Waller, 3443 Highway 641

South, Murray, Kentucky 42071, with its principal address as P.O. Box 1080, Murray, Kentucky

42071.

5.      The residency of John Doe Entities remains unknown.

6.      Plaintiffs' Counsel executed a "John Doe Affidavit" in accordance with A.C.A. § 16-

56-125, and it is attached hereto as Exhibit 1.

7.      The incident giving rise to this cause of action occurred on I-40 East, Lonoke County,

Arkansas.

EXHIBIT
**A**

## II. JURISDICTION AND VENUE

8.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

9.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

10.     This is a negligence case which arises from a motor vehicle collision that occurred on March 18, 2014, on Interstate 40 East, Lonoke, Lonoke County, Arkansas.

## IV. FACTS

11.     On or about March 18, 2014, at approximately 4:56 p.m., Plaintiff Allen Gentry was driving eastbound on Interstate 40, in his 2005 Ford F-150 pulling an RV. Plaintiff Pamela Gentry was a passenger in the vehicle.

12.     At the same time, Separate Defendant Ammons was traveling eastbound on Interstate 40, in a 2009 Freight Columbia truck and trailer.

13.     Defendant Ammons was traveling directly behind the Plaintiffs.

14.     As Mr. Gentry was slowing his vehicle due to traffic being stopped ahead of him, Defendant Ammons' truck and trailer struck the rear of the Plaintiffs' RV twice before the vehicles came to a stop.

15.     As a result of the collision, the Plaintiffs sustained personal injuries and damages.

## V. CAUSE OF ACTION - NEGLIGENCE

### Negligence of Defendant John Ammons

16.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17.     Defendant was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)     Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g)     Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h)     Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i)     Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j)     Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k)     Otherwise failing to exercise ordinary care under the circumstances.

### Negligence and Vicarious Liability of Defendant Paschal Trucking Lines, Inc.

18.     Defendant Paschal Trucking Lines, Inc. is responsible and liable for the negligence of its employee and/or agent, John Ammons, under the legal doctrine of joint enterprise, *respondent superior*, and/or the principles of agency as adopted by the State of Arkansas.

19.     At the time of the collision, John Ammons was acting in the course and scope of his employment or agency with Defendant Paschal Trucking Lines, Inc.

20.     The negligence of Defendant John Ammons is imputed to Defendant Paschal

3

Trucking Lines, Inc.

21.     Defendant Paschal Trucking Lines, Inc.'s negligence includes, but is not limited to, failing to properly train, supervise, monitor, hire, retain Defendant, John Ammons, and otherwise failing to exercising ordinary care under the circumstances.

## VI.  PROXIMATE CAUSATION

22.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

23.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by the Plaintiffs.

## VII.  INJURIES AND COMPENSATORY DAMAGES

24.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

25.     The Plaintiffs sustained injuries as a result of the collision.

26.     Mr. Gentry is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of his injuries;

(b)     the full extent of the injuries he sustained;

(c)     the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)     the visible results of his injuries; and,

(g)     any property damages he sustained.

27.     Mrs. Gentry is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of her injuries;

(b)     the full extent of the injuries she sustained;

4

(c)    the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)    the visible results of her injuries; and,

(g)    any property damages she sustained.

28.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII. DEMAND FOR JURY TRIAL

29.    The Plaintiffs hereby demand a trial by jury.

## IX. DEMAND & PRAYER

30.    The Plaintiffs demand judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

31.    The Plaintiffs demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: _____

Geoff Thompson (Ark. Bar No. 2002095)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:    (501) 868-2500
Telefax:    (501) 868-2508

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Feb-07  15:01:42
43CV-17-92
C23D03 : 1 Page

**IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**CIVIL DIVISION**

ALLEN GENTRY and                                                           **PLAINTIFFS**
PAMELA GENTRY


VS.                                        NO. _____


JOHN AMMONS,                                                              **DEFENDANTS**
PASCHAL TRUCKING LINES, INC. and JOHN DOE
ENTITIES Nos. 1-5


STATE OF ARKANSAS   )
                    )   ss:
COUNTY OF PULASKI   )

Comes now Geoff Thompson, and states, upon oath, the following:

1.    I represent Plaintiffs Allen Gentry and Pamela Gentry in the above matter.

2.    Plaintiffs Allen Gentry and Pamela Gentry are seeking a judgment against unknown tortfeasors.

3.    The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe Entities Nos. 1-5, and will be named as such in the Plaintiffs' Complaint.

4.    Upon determining the identity of John Doe Entities 1-5, the Complaint will be amended by substituting the real name for the pseudo-name.

5.    This affidavit is made pursuant to A.C.A. § 16-56-125.

_____
Geoff Thompson

2/7/17
_____
Date

SWORN AND SUBSCRIBED before me on the 7th day of February, 2017.


_____
Notary Public

My commission expires:

6/16/22
_____

KIMBERLY S TUCKER
Arkansas - Pulaski County
Notary Public - Comm# 12388045
My Commission Expires Jun 16, 2022


**EXHIBIT 1**